UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK WALKER,

    Plaintiff,

v.                              Case No. 06-CV-14755

ALLSTATE INSURANCE COMPANY,

    Defendant.
                                     /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR REMAND . . ."**

Pending before the court is Plaintiff Frederick Walker's November 14, 2006 motion for remand, which contends that the court lacks diversity jurisdiction. Defendant Allstate Insurance filed a brief in opposition on November 22, 2006. Having reviewed the matter, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(1). For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff is a Michigan resident who filed suit in Michigan state court against Defendant to recover insurance proceeds for a house fire that occurred in Detroit. (Compl. at ¶¶ 1, 4-13.) Defendant, contending that it is a Delaware corporation with its principal place of business in Illinois, filed a notice of removal on October 20, 2006 that claims this court has diversity jurisdiction over the case. (Def.'s Notice of Removal at 1-2.) On November 14, 2006, Plaintiff filed a motion for remand, arguing that there is no diversity jurisdiction because his claim is a direct action between two Michigan parties. (Pl.'s Mot.

at 2.)  Defendant counters that its removal is proper under binding Sixth Circuit case law. (Def.'s Br. at 2-3.)

## II.  DISCUSSION

Federal district courts have original jurisdiction over all civil actions between citizens of different States if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1). According to another provision of the same statute:

> a corporation shall be deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business

28 U.S.C. § 1332(c)(1).  Congress passed the above provision to prevent so-called "back-door diversity" where a plaintiff of one state, injured by a driver from the same state, sues the driver's foreign insurance company while intentionally failing to join the driver in the suit. *See Ford Motor Co. v. Ins. Co. of N. Am.*, 669 F.2d 421 (6th Cir. 1982).  Recently, the Sixth Circuit held that § 1332(c)(1) does not apply in actions by an insured against his own insurer to recover for his injuries because the purposes of the statute would not be served. Such application "would result in an absurdity--federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state."  *Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003); *see also Henry v. Wausau Business Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003) (holding that "federal courts have jurisdiction over actions by an insured against his or her own insurance company if the two parties are

diverse because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)").

Plaintiff's cause of action is clearly as an insured against Defendant, his insurer, for recovery of Plaintiff's alleged injuries due to a house fire. There is no other party intentionally left out of the action in order to manufacture diversity jurisdiction. The above case law contradicts Plaintiff's argument and requires this court to conclude that it does have diversity jurisdiction over this case.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Remand . . ." [Dkt #4] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 28, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522